IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT SIMMONS,** | : | |
| Petitioner | : | CIVIL NO. 3:CV-15-0189 |
| v. | : | (Judge Caputo) |
| **WARDEN DONNA ZICKEFOOSE,** | : | |
| Respondent | : | |

**M E M O R A N D U M**

**I.  Introduction**

On January 20, 2015, Robert M. Simmons, an inmate confined at the Allenwood United States Penitentiary (USP Allenwood), in White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Simmons challenges a disciplinary report and hearing he received in July 2013 for "Being Absent from Assignment".  (Doc. 1, Pet.)  He lost ten days' good conduct time as a sanction.  (*Id.*)

Mr. Simmons alleges that he is innocent of the offense charged and that the incident report was falsified.  As relief, he seeks restoration of his good time credits and expungement of the incident report.  (*Id.*)  Respondent argues that because Mr. Simmons failed to properly exhaust his administrative remedies prior to seeking judicial relief it should be dismissed.  (Doc. 6.)  Mr. Simmons did not file a reply.

For the reasons that follow the petition will be dismissed.

**II.     Standard of Review**

A challenge to a disciplinary action that resulted in the loss of good time credit is actionable under § 2241 because it affects the duration of the Mr. Simmons' sentence. *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008).

**III.    Background**

On July 24, 2013, Mr. Simmons was issued incident report 2471577, for a code 310 violation, "Being Absent from Assignment". (Doc. 1, ECF p. 2.) Following an August 21, 2013 hearing before a Discipline Hearing Officer (DHO), he was found guilt of the infraction and lost ten days good conduct time as a sanction. (*Id*.)

On August 11, 2014, almost a year after the DHO hearing, Mr. Simmons filed an appeal to the Bureau of Prison's (BOP) Northeast Regional Director. (*Id*.) The appeal was rejected on August 15, 2014 as untimely filed. (Doc. 1, ECF p. 2; *see also* Doc. 6-1, Sullivan Decl. ¶¶ 14 - 15.) On October 28, 2014, Mr. Simmons filed an appeal to the BOP's Central Office. (Doc. 1-1, ECF p. 2.) On December 19, 2014, the appeal was rejected by Central Office Administrative Remedy Coordinator as untimely. (Doc. 1-1, ECF p. 1.) Mr. Simmons was given an opportunity to submit staff verification that the delay in filing his appeal was not his fault. (*Id*.)

There is no record of Mr. Simmons submitting a staff memorandum explaining his delay for filing an untimely appeal or that he filed any other administrative remedies concerning the issues raised in his current petition. (Doc. 6-1, Sullivan Decl. ¶ 20.)

**IV.    Discussion**

"Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Federal Bureau of Prisons,* 98 F.3d 757, 760 (3d Cir. 1996); *see also Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012). A failure to satisfy the procedural rules of the BOP's administrative remedy process constitutes a procedural default. *Beckford v. Martinez,* 408 F. App'x 518, 520 (3d Cir. 2010) (citing *Moscato,* 98 F. 3d at 760). If such a default renders the administrative process unavailable, review of a habeas claim is barred absent a showing of cause and prejudice. (*Id.*) A petitioner must show that some "external impediment" prevented him from exhausting his administrative remedies in a proper and timely manner, to satisfy the "cause" requirement. *Moscato*, 98 F.3d at 762 (petitioner could not satisfy cause requirement where he failed "to allege the existence of an external impediment," or that "anything other than [his own] dilatoriness caused the [administrative] appeal to be filed late").

The BOP has a multi-tiered Administrative Remedy Program for a prisoner to seek formal review of any aspect of his imprisonment. (Doc. 6-1, Sullivan Decl., ECF pp. 2-3, citing 28 C.F.R. § 542 *et seq.*) An inmate may challenge a DHO decision by filing an appeal with the Regional Director for the region where the inmate is currently located within twenty calendar days of the DHO's decision. 28 C.F.R. § 542.14(d)(2) and § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may file an appeal with the BOP's Central Office within thirty calendar days of the date of the Regional Director's

response.  *See* 28 C.F.R. § 542.15(a).  The deadlines contained within this process may be extended upon request by the inmate and a showing of a valid reason for delay.  *See* 28 C.F.R. § 542.15(a); 28 C.F.R. § 542.14(b).  No administrative remedy appeal is considered to have been fully and finally exhausted until it has been denied by the BOP's Central Office.  (Doc. 6-1, Sullivan Decl. ¶ 8.)

As evidenced by the exhibits attached to Mr. Simmons' Petition and Respondent's Response, Mr. Simmons failed to properly exhaust his administrative remedies by failing to timely file his appeal of the DHO's August 21, 2013 hearing decision.  His initial appeal to the Regional Director was filed almost a year after the DHO's decision.  Under *Moscato*, his failure to satisfy the BOP's administrative remedy procedures constitutes a procedural default.  Further, Mr. Simmons fails to present any argument or rational to suggest any external impediment prevented him from complying with the BOP's administrative remedy process.  Thus, Mr. Simmons has failed to demonstrate cause for his procedural default.  Accordingly, review of his claim is barred.  *Moscato*, 98 F.3d at 759.

An appropriate Order follows.

                                            **/s/ A. Richard Caputo**
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**

**Date:  May 17, 2016**